A few days afterwards STONE, J., delivered the final opinion of the Court that the set-off was not allowable, and added he would give his reasons. The idea, he said, of the unassignability of choses in action is much altered now from what it was formerly. Courts of equity for a long time have protected such assignments when for valuable consideration. Courts of law also have lately come into the resolution of taking notice of them, and very properly, for why should a court of law refuse to do what is really just and proper to be done, and what is usually and every day done in court of equity? Many of the ancient common-law rules have been changed merely because they would not do that which courts of equity would. Accordingly courts of law now view the assignor of a chose in action for a valuable consideration as a trustee for the assignee, and the thing assigned is really and substantially belonging to the assignee. One consequence resulting from this is that a chose in action actually assigned for value is not liable to the after charge of the assignor, especially where the third person has notice of the assignment, and of course not to a set-off of a sum subsequently becoming due from the assignor. My opinion is founded not only on the reason and propriety of the thing, but also upon a case in 1 Term, 619, and the cases there cited, where the doctrine I am treating of is fully established. The law of these cases has been recognized by several decisions in our own courts — Smith v. Powell, decided (481) at Halifax, on the last circuit, ante, 452, and McDaniel v. Tate, decided at Morganton, some years ago.
It is said, however, that these cases proceeded upon fraud; but is not every case of a fair assignment for value, attempted to be defeated by the assignor to the prejudice of the assignee, a case of fraud? I think this modern doctrine respecting choses in action assigned more peculiarly proper here because our courts of law and courts of equity are united, and both jurisdictions to be exercised by the same judges. It seems very idle to give a judgment at law merely for the purpose of setting it aside or correcting it in a court of equity. It is more proper, because much less expensive and dilatory, for the court of law at once to make the same decision that is attainable by an application to the court of equity. I am also of opinion the act of Assembly meant to give efficacy to the assignment. It has certainly given the right of using to the present plaintiffs; and if they are only plaintiffs in form, as there is no instance of pleading a set-off against a person who is not plaintiff on record, I think that circumstance alone, independent of any consideration respecting the interest, sufficient to oust the defendant of the set-off he proposes to make. As to the doctrine of set-offs, with respect to the quality of the demands capable in themselves of being set off, *Page 383 
and the persons against whom they may be set off, I am of opinion the law was accurately stated the other day from the bench.
The set-off was disallowed. Then Williams moved for a new trial, the jury having not allowed interest enough, and being not opposed, it was granted.
Cited: Norment v. Johnston, 32 N.C. 90.